ROUTON v. RUX.

No. 14109.

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1940.

Rehearing Denied Sept. 27, 1940.

Lee Aycock, of Graham, for appellant.

Tom M. Miller and Ruben Loftin, both of Graham, for appellee.

BROWN, Justice.

Appellee Rux alleged that he rented a certain tract of land from appellant Routon for farming purposes, and that Routon also

agreed to furnish him twenty-five turkey hens and a sufficient number of gobblers and all feed, and coops, and that Rux was to raise turkeys on the shares, on a one-half basis. That Routon breached such contract, and he sued for damages for his one-half of the lost profits. Rux also alleged that he was too poor to buy the turkeys and that this fact was well known to Routon.

Routon answered by a general demurrer and several special exceptions attacking specifically the allegations of the petition for failure to show that the plaintiff sought to minimize his damages; also that such damages as were pleaded are too remote, uncertain and speculative, and other exceptions which we will not notice at this time.

The demurrer and all exceptions were overruled.

The cause being tried to a jury, same was submitted on special issues, which the jury answered as follows: (1) that plaintiff would have raised and marketed 200 turkeys, if defendant had furnished him with the 25 turkey hens, (2) the average weight would have been 11 pounds, (3) the market value was set at 12 cents per pound, (4) that the plaintiff, by reasonable effort, could not have minimized his damages, the fifth issue on the question of the amount of money plaintiff could have minimized his damages was submitted conditionally and was not answered.

On this verdict, the trial court rendered judgment for plaintiff in the sum of $132, and the defendant Routon has appealed, and presents only two propositions.

The first contends that the damages are too remote, speculative, uncertain and indefinite to afford a basis for recovery.

It appears that the rule is now more liberal than in times past and that such lost profits as are sought to be recovered in this suit are permitted under proper allegation and proof. 13 Tex.Jur., par. 102, pp. 198, 199, and cases cited.

The second proposition is well taken, and asserts that upon the breach of a contract there can be no recovery therefor unless the plaintiff alleges and proves that he did that which was reasonable to minimize his damages.

One of the cases cited by appellee to sustain his judgment is Lamar v. Hildreth, Tex.Civ.App., 209 S.W. 167, 171, and we find this in the opinion: "In such action the injured party will be entitled to such damages as would have arisen from non-performance at the appointed time, subject to abatement by any means he may have had for mitigating his loss."

We do not believe that the mere allegation that plaintiff was too poor to buy the turkeys furnishes an excuse; and, if it did, there was no testimony establishing such fact.

We believe that if this share cropper contract was valuable, appellee could have obtained the turkeys from some other source, on a similar contract, or that he should have made a reasonable effort to do so.

But there is another reason why this judgment cannot stand, and it is apparent in the record. It is not reasonable to suppose that the plaintiff sat down and wasted the time that he would have been compelled to give in the performance of this contract. It is altogether reasonable to suppose that he and his wife employed such time in some other profitable way.

Mr. Justice Gaines, speaking for the Supreme Court, in Long v. McCauley, 3 S.W. 689, 692, said: "Appellee's loss was the contract price, less the cost to him of carrying it out. This cost includes the value of his own services, in addition to the outlay of money on his part necessary to carry out the stipulations of his agreement."

To permit plaintiff to recover what may be found to be the net value of one-half of the turkeys that in all reasonable probability would have been raised is to wrongfully allow him to also recover the value of his services and those of his wife, which would have been expended in raising and caring for and marketing the turkeys, which services they must of necessity have employed in some other direction.

Plaintiff not having pleaded a proper measure of damages, his petition was subject to the exceptions urged, and not having introduced the required proof to establish a proper measure of damages, the cause was not properly submitted and there is no verdict sufficient to support the judgment.

For the reasons stated, the judgment is reversed and the cause is remanded.